# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTTSDALE INSURANCE CO.,

   Plaintiff,

v.

THE CITY OF HAZLETON, et al.,

   Defendants.

CIVIL ACTION NO. 3:07-cv-1704

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion for Reconsideration of the Defendants, including the City of Hazleton (Doc. 59.) Defendants move the Court to reconsider its Memorandum and Opinion of May 28, 2009 (Doc. 57) under Federal Rule of Civil Procedure 59(e) to the extent it granted Plaintiff's motion for summary judgment on Counts II and III of Plaintiff's Complaint, and to the extent it ruled against Defendants' counter-claims.[1] Because there was no clear error of law in this Court's Memorandum and Order, Defendants' motion will be denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The motion is fully briefed and ripe for disposition.

---

[1] Plaintiff also requests an amended finding of facts under Rule 52(b), but that is inappropriate because the Court never made findings of fact. *See* FED. R. CIV. PRO 52(a)(3) (findings of fact not required for motions under Rule 12 or Rule 56). In making a determination under Rule 56 for summary judgment, the Court did not create factual findings. Instead, the Court relied upon the statement of facts of submitted by Hazleton, the non-moving party, and the statement of facts submitted by Scottsdale where they were admitted by Hazleton.

**BACKGROUND**

Scottsdale issued a public entity policy of insurance, effective January 1, 2005, to Hazleton, a political subdivision organized and existing under the laws of Pennsylvania. (Pl.'s Statement of Material Facts ¶¶ 5, 13, Doc. 19). The present coverage dispute arose out of a civil rights suit instituted against Hazleton in 2006. The parties do not dispute that the policy provided insurance to the city at that time. (*Id.* ¶ 6.) Following a bench trial on the underlying action from March 12, 2007 through March 22, 2007, before Judge Munley of this Court, the Court, on July 26, 2007 ruled in favor of plaintiffs on several claims, dismissed several claims, and determined that several plaintiffs lacked standing. (Dkt No. 06-cv-1586, Doc. 409 at 190-92.) The Court issued a permanent injunction enjoining Hazleton from enforcing any provision of the disputed ordinances. (Id. at 190.) The Court's verdict afforded no other relief. (*Id*. at 190-92.)[2]

Scottsdale filed the present action on September 18, 2007, after the appeal was filed in the underlying action. (Doc. 1.) Scottsdale's complaint raises three (3) Counts. Each seeks declaratory relief regarding its coverage liability under the Hazleton policy. Count I seeks a declaration that Scottsdale owed no duty of defense or indemnity to Hazleton in the underlying action or its appeal. Count II seeks a declaration that it has no duty to pay any attorney's fees, costs, or expenses awarded to the underlying action plaintiffs against Hazleton. Count III seeks a declaration that Scottsdale has no duty to pay attorney's fees, costs, or expenses incurred by Hazleton for attorneys or consultants it retained directly without the prior written approval of the insurer in the underlying action

---

[2]A more detailed summary of the facts may be found in this Court's Memorandum granting summary judgment. (Doc 57.)

2

or its appeal. Hazleton raises three (3) counterclaims. (Doc. 13.) The first is for breach of contract, alleging that Scottsdale breached its duties under the policy by refusing to pay for the services of Mr. Kobach and by refusing to pay costs and attorney's fees which may awarded to plaintiffs in the underlying action. The second counterclaim is for statutory bad faith under 42 Pa. Cons. Stat. § 8371. Hazleton alleges a variety of conduct it argues constitutes bad faith. The third counterclaim is a request for declaratory relief in the city's favor mirroring the relief requested in Counts I, III, and III of Scottsdale's complaint.[3]

This Court dismissed Count I for lack of subject matter jurisdiction. (Doc. 57.) Presently before the Court is Defendants' motion to reconsider the May 28, 2009, Memorandum and Order granting partial summary judgment for Plaintiff Scottsdale as to Counts II, III, and the counter-claims by Hazleton. (*Id.*) (granting summary judgment); (Doc. 59) (requesting reconsideration).

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or

---

[3]A more detailed description of the policy and the dispute between Scottsdale and Hazleton may be found in this Court's Memorandum granting summary judgment. (Doc 57.)

amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Both parties agree that there has been no intervening change to controlling law and that no new evidence has been discovered since the grant of summary judgment. Defendants assert I committed four clear errors of law or fact, and for those reasons I should reverse. For the reasons discussed below, I will deny Defendants' motion.

**I. Failure to Consider Evidence of Partial Damages Incurred While Monetary Damage Claims Survived**

Hazleton first argues that this Court committed a clear error of law when it failed to consider its evidence that prior to the filing of the underlying second amended complaint, any attorney's fees and costs were incurred at least in part to defend the monetary damage claims. Hazleton made a similar argument when opposing the motion for summary judgment, and they present nothing new in their motion to reconsider. The policy's coverage of mixed claims was addressed by this Court in its Summary Judgment Memorandum:

> [Exclusion Nine] provides that, although the insurer is not obliged to make payment for "fees, costs or expenses" resulting from an adverse judgment for declaratory or injunctive relief, it "will afford defense to the insured for 'suit(s)' in which monetary damages are requested if not otherwise excluded." (Policy, Sec. II ¶ 9.) *This language contemplates a mixed-claim suit involving claims for both monetary and non-monetary relief.* Under the terms of Exclusion Nine, the insurer would defend such a suit, but maintain an exclusion for the "fees, costs or expenses" resulting from judgments on non-monetary claims.

(Doc 57, pgs. 19-20) (emphasis added). Because this Court already considered and rejected Hazleton's argument on this issue, the motion to reconsider will be denied.

**II. Application of the Reasonable Expectations Doctrine**

Hazleton next argues that I erred in applying the reasonable expectation doctrine by considering the reservation of rights letter, instead of considering only evidence from the policy's inception. Hazleton bases all of its arguments on this Court's statement that the reservation of rights letter put Hazleton on notice of the contract terms. Hazleton ignores, however, the remainder of this Court's discussion applying the reasonable

5

expectations doctrine.

The reasonable expectations doctrine has been limited in Pennsylvania in recent years. In *Canal Ins. Co. v. Underwriters at Lloyd's London*, 435 F.3d 431, 439-40 (3d Cir. 2006), the court held that the reasonable expectation of an insured will trump the clear and unambiguous language of a policy only when two circumstances exist: (1) where there is a non-commercial insured and the policy terms are not readily apparent; and (2) where a non-commercial insured is deceived by an insurance agent. *Id*. at 440. As I found that the relevant language of the policy was unambiguous, Hazleton needed to demonstrate at least evidence of these two requirements to survive summary judgment. Hazleton argued that the relevant terms were not readily apparently by simply highlighting the overall length of the contract. I considered and rejected this argument in the Summary Judgment Memorandum. (Doc 57, pg. 21.) I also noted that they failed to provide *any* evidence of the second element, deception by Scottsdale. (*Id.*) Even assuming *arguendo* that the reservation of rights letter should not be considered, summary judgment was appropriate on the reasonable expectations doctrine. Because Hazleton fails to identify a clear error of law, I will deny their motion to reconsider.

**III.    Failure to Consider Evidence of Scottsdale's Interpretation of Term "Damages" in the Contract**

Hazleton also argues that this Court erred when it failed to consider evidence that Scottsdale's employees considered the term "damages" to include the now requested attorney's fees. As this Court noted in its memorandum regarding summary judgement, under Pennsylvania law:

> [T]he interpretation of an insurance contract regarding the
> existence or non-existence of coverage is generally performed by
> the court ... Our purpose in interpreting insurance contracts is to
> ascertain the intent of the parties as manifested by the terms used
> in the written insurance policy. When the language of the policy is
> clear and unambiguous, we must give effect to that language.
> However, when a provision in the policy is ambiguous, the policy is
> to be construed in favor of the insured to further the contract's
> prime purpose of indemnification and against the insurer, as the
> insurer drafts the policy and controls coverage.

*Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007) (internal citations and quotation marks omitted). "Pennsylvania courts have consistently upheld exclusionary clauses that clearly and unambiguously limit coverage." *Pa. County Risk Pool v. Northland Ins.*, No. 07-cv-0898, 2009 U.S. Dist. LEXIS 15547, at *12 (M.D. Pa. Feb. 27, 2009) (citing cases). As I found the language of the policy was unambiguous with respect to the term "costs," there was no need to consider extrinsic evidence as to other interpretations, including interpretations by Scottsdale's employees. (Doc. 57, pgs. 15, 18) ("In sum, the Court finds that attorney's fees awarded pursuant to § 1988 fall within the meaning of "costs" as the term is used in Exclusion Nine of the Hazleton policy.") Because I find no clear error of law or reason to reinterpret the language of Exclusion Nine, I will deny the Defendants' motion to reconsider this issue.

## IV.   Inappropriate Resolution of Factual Questions

Hazleton finally argues that I erred by inappropriately resolving issues of fact when considering the motion for summary judgment. As a matter of law, Defendants are correct that factual determinations are not to be made during summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In this case, however, none of the facts relied upon in reaching my conclusion were questions resolved by this Court.

Instead, this Court relied upon the statement of facts provided by or admitted by Hazleton. *See* F%%ED%%. R. C%%IV%%. P%%RO%%. 56(c)(2). No findings of fact or determinations of credibility were made. Because both of these sources were properly considered by this Court, and I will deny Defendants' motion for reconsideration on this issue.

## CONCLUSION

Because Defendant Hazleton's arguments simply re-articulate their earlier arguments, and because there was no clear error of law or manifest injustice, I will deny Defendants' motion.

  September 28, 2009             /s/ A. Richard Caputo  
Date                          A. Richard Caputo  
                                    United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTTSDALE INSURANCE CO., | |
| Plaintiff, | |
| | CIVIL ACTION NO. 3:07-cv-1704 |
| v. | |
| THE CITY OF HAZLETON, et al., | |
| | (JUDGE CAPUTO) |
| Defendants, | |

## **ORDER**

**NOW**, this 28th day of September 2009, **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration is **DENIED**.

                                           /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge